### RICHARD H. SAVAGE v. RITA WINFIELD, et al.

11 So. (2nd) 302                    June Term, 1942
January 4, 1943                     En Banc
Rehearing Denied January 26, 1943

*Mitchell D. Price, Zaring, Florence & Kirchik,* for petitioner.

*Thos. H. Anderson* and *H. H. Eyles,* for respondents.

PER CURIAM:

No error having been made clearly to appear petition to review the interlocutory orders entered by the chancellor is denied.

BROWN, C. J., TERRELL, BUFORD and THOMAS, JJ., concur.

WHITFIELD, CHAPMAN and ADAMS, JJ., dissent.

CHAPMAN, J., dissenting:

On petition for an interlocutory writ of certiorari Richard H. Savage made it to appear that subsequent to July, 1940,

under verbal and written leases granted by the owner, Charles B. Savage, the petitioner is now in possession of designated real estate and operates thereon a boatyard business. In September, 1940, Grace Kehoe instituted suit against Charles B. Savage, and others, to enjoin the operation of the boatyard business on the lands leased to petitioner and on which his business was located.

On January 8, 1942, a final decree was entered against Charles B. Savage, holding that the boatyard was a nuisance within the meaning of an ordinance of the City of Miami and decreed its abatement. That Charles B. Savage was permanently restrained from the operation of the boatyard on the described land and directed that he remove the boats and other personal property from the described lands used by him in the operation of the boatyard, and was required so to do within thirty days from the date of the final decree.

The petitioner, Richard H. Savage, was not made a party to the suit, neither was a lis pendus filed and recorded in the cause until April 25, 1941. On February 19, 1942, the petitioner for the first time was brought into the suit when a rule to show cause why he should not be held in contempt of court for the violation of the final decree previously entered and to which he was not made a party, never appeared therein, and owned and operated a business on a part of the real estate described in the decree and was in possession prior and subsequent to the filing of suit under a lease from the owner. The petitioner, incidental to the operation of his boatyard, maintained docks for the use of boats entering Little River; maintaining and using a winch and marine railway; hauling out small boats for repair; painting and overhauling; and maintained and operated machinery and tools necessarily used for building and repairing small boats in a boatyard.

The petitioner made a return to the rule to show cause and the matter was referred to a Master and testimony taken. The Master found and reported that the petitioner, Richard H. Savage, was in possession of the property under a lease and paid a monthly rental of $30.00 per month; that Richard H. Savage, while not served with process nor made a party

to the suit, had actual notice of the pendency of the suit and consequently became bound, as a matter of law, by the terms and provisions of the final decree dated January 8, 1942, and therefore was adjudged by the chancellor to be in contempt of court. The order was dated June 3, 1942, but by a subsequent order was allowed 45 days from June 17, 1942, in which to remove his property from the premises to conform with the provisions of the final decree dated January 8, 1942.

Authorities are cited to sustain the holding of the lower court to the effect that Richard H. Savage was bound by the terms and provisions of the final decree dated January 8, 1942, although he was not served with process, nor made a party to the suit, but occupied the property under a lease, and was then engaged in the operation of a business on the locus. These cases have been carefully analyzed in the light of the contention made, but the summary cancellation of a valuable lease and the destruction of a legitimate business owned by a citizen without his day in court and an opportunity to be heard prior to the entry of a decree, presents a very serious question in a court of equity. Especially is this true in the light of our decisions.

The general rule is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made a party. See Robinson, Admr. v. Howe, Dibble and Bunce, Exs., 35 Fla. 73, 17 So. 368. The rights of persons who have an interest in the subject matter of the litigation, whether legal or equitable, cannot be adjudicated or affected by a decree rendered in a suit to which they were not made parties. See Dundee Naval Stores Co. v. McDowell, 65 Fla. 15, 61 So. 108. See also Levyraz v. Johnson, 114 Fla. 396, 154 So. 159; T-R Indian River Orange Co. v. Keen, 124 Fla. 343, 168 So. 408; R. W. Holding Co. v. R. I. W. Waterproofing & Decorating Co., 131 Fla. 424, 179 So. 573.

It is our conclusion that the petitioner, not having been served with process, nor made a party to the original suit, and owning a lease on a part of the described land and was engaged in the operation of a legitimate business thereon when served with a rule to show cause, therefore is not bound

by the several terms and provisions of the decree in the suit to which he was not a party. He is, it appears from the record, the owner of a lease on the premises and engaged in a legitimate business and these property rights cannot be taken from him only in accord with judicial processes.

I think the orders should be quashed.

WHITFIELD, and ADAMS, JJ., concur.