HOBSON, Justice.
• This is an appeal from a final decree in favqr of the . defendants, appellees here, in a suit.filed by tlie appellants to enjoin thq defendant, Southern Bell Telephone & Telegraph Company (Telephone Company hereunder) from discontinuing telephone service in a motel owned by the appellants. The facts are briefly as follows:
' Pursuant to the authority granted by Chapter 365, Florida Statutes, F.S.A., the Sheriff of Dade County on January 21, 1953, notified the Telephone Company that the telephones at a motel owned by the appellants had been used in violation of the gambling laws of this state and that such telephone service should be discontinued. The Telephone Company communicated this information to the appellant Peters by letter dated 'January 23, 1953, and advised that telephone service would be discontinued on January 26. Peters then filed this suit in equity against the Telephone Company, the Sheriff of Dade County, and the Florida Railroad and Public Utilities Commission, appellees here, for ■ a temporary *549 and permanent injunction to restrain the discontinuance of service. Temporary injunction was denied by the lower court and, on certiorari to this court to review such order of denial, the petition for the writ was denied.
In the meantime, and apparently, immediately after the entry of the order denying the application for temporary injunction, the Telephone Company disconnected the telephone service at the motel. After the going down of the mandate of this court, above referred to, the appellees filed motion for summary final decree alleging as a basis therefor, inter alia, that the telephone service had been discontinued when the temporary injunction was denied, that the question had thus become moot, and that jurisdiction of any further proceedings was vested exclusively in the Florida Railroad and Public Utilities Commission. Thereafter, with leave of court and prior to a determination of the above mentioned . motion, the appellant Peters filed an amended bill of complaint, joining as parties plaintiff the other appellants here, and setting' forth additional facts in support of his application, to which we will refer later. The defendants’ motion for summary final decree was, by consent of the parties, considered fo be directed to the complaint as arhended and, after a hearing on such motion, the court entered an order entitled “Summary Final Decree” in which it was stated that the defendants’ motion for summary final decree was granted and, also, that '“this cause be and the same is. hereby dismissed. It being the view of the court that plaintiffs’ telephone service having been disconnected after the denial of plaintiffs’ application for a temporary injunction to restrain the same, jurisdiction to hear and determine an application for reinstatement thereof is vested by statute in the Florida Railroad and Public Utilities Commission.” It is from this decree that the appeal has been taken.
Two questions are presented on this appeal: (1) Did the lower court lose jurisdiction of the cause when the Telephone Company disconnected the telephones in the plaintiffs’ motel? (2) If not, did the plaintiffs in their amended bill state a cause of action for injunctive relief?
As to the first question, it should be noted that this court in King v. Seamon, Fla., 59 So.2d 859, while holding that the Anti-Bookie Law, Chapter 365, Florida Statutes, F.S.A., made no provision for a hearing before the Railroad and Public Utilities Commission prior to the discontinuance of “usual and customary” telephone service because of allegedly illegal use thereof, at the same time reaffirmed the rule that the jurisdiction of the equity court to grant injunctive relief could be invoked in such a situation, as adverted to in Dade County News Dealers Supply Co. v. Florida Railroad & Public Utilities Commission, Fla., 48 So.2d 89. This jurisdiction was invoked by the suit in the instant case; and it appears to be well settled that “where a suit is brought to enjoin certain acts or activities, for example, the erection of a building or other structure, of ■ which suit the defendant has notice, the hands of the defendant are effectually tied pending a hearing and determination, even though. no restraining- order or preliminary injunction be issued.” Jones v. Securities and Exchange Commission, 298 U.S. 1, 56 S.Ct. 654, 657, 80 L.Ed. 1015. If temporary relief is not asked for, or is requested and denied, the- person sought to be restrained still “acts at • his peril and subject to the power of the court to compel •a restoration of the status,” if he does any act which the bill seeks to enjoin. Turney v. Shriver, infra, 269 Ill. 164, 109 N.E. 708, 711. See also Texas & N. O. R. Co. v, Northside Belt R. Co., 48 S.Ct. 361, 276 U.S. 475, 72 L.Ed. 661; Turney v. Shriver, 269 Ill. 164, 172, 109 N.E. 708, 711; Tucker v. Howard, 128 Mass. 361; Town of Platteville v. Galena & Southern Wis. R. R. Co., 43 Wis. 493. Nor do we think the court was ousted of its inherent jurisdiction to proceed to a final disposition of the cause merely because the Florida Railroad & Public Utilities Commission is by statute, Section 365.08, required to entertain a petition for reinstatement of “usual and customary” telephone service when such *550 has been discontinued by a telephone company pursuant to the provisions of Chapter 365.
When the Telephone Company discontinued service upon the denial of the application for temporary injunction by the lower court and, apparently, during the pendency of the proceedings in this court to review the order of denial, the appellants could perhaps have applied to the Commission for an order reinstating their telephone service; blit we do not think they were compelled to do so. In the absence of a final disposition of the matter by the lower court, the cause remained “within the bosom of the court” and subject to the power of the court to grant and enforce whatever relief the circumstances, as disclosed upon final hearing, should warrant, including the right to compel the reinstatement of service by mandatory injunction. Cf. Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541.
Since we hold, then, that the court was not ousted of its jurisdiction by the fact that the act sought to be enjoined was actually performed during the pendency of the suit, the question becomes: Did the appellants state a cause of action for equitable relief in their amended bill ?
It- appears to be conceded by the appellants that they were not entitled to in-junctive relief on the basis of the allegations of their original bill; in their amended bill, however (and which, under the law, there seems to be no question as .to their right to file, even after a dissolution upon the merits, High on Injunctions, Vol. 1, .Sec. 41) .they stated, in substance, that they were non-residents of the State of Florida; that they had closed the transaction for the purchase of the motel by sending a representative to this state; that they did not plan to operate the motel themselves, but to lease it; that they rer tained the staff employed by the seller at the time of the purchase, for convenience, until such time as they could come to Miami and make further arrangements; that they had never met the employees of the motel; and that the. motel was raided by the Sheriff of Dade County just four' days after it was purchased by them, culminating in the events described above.
The record is clear that gambling activities were being conducted on the premises after the motel was purchased by the appellants; and, under the statute, Chapter 365, the use of the telephone facilities for such purpose requires the discontinuance of such service, without regard to whether the owner of the premises has imputative or, for that mafter, actual, knowledge of such use. The question before us, then, is whether a court of equity can grant relief from the penalty imposed by the statute — that is, the discontinuance of the telephone service — under the circumstances alleged above. We think there can be no doubt that, under these circumstances, the Railroad & Public Utilities Commission would require the reinstatement of service instanter — and, perhaps, a refusal to do so might be considered "an abuse of the discretion granted to them under the statute — but we know of no way in which a court of equity may relieve from the penalty prescribed by the statute. The rule is well settled that “where any penalty of forfeiture is imposed by statute upon the doing or omission of a.certain act, there courts of equity will not interfere to mitigate the penalty or forfeiture, if incurred, for it would be in contravention of the direct expression of the legislative will.” Clark v. Barnard, 108 U.S. 436, 2 S.Ct. 878, 890, 27 L.Ed. 780. See also Rainey v. Quigley, 180 Or. 554, 178 P.2d 148, 170 A.L.R. 1149, and cases there cited.
This is not to say that a court of equity, where a showing of “special equities” is made, cannot consider the question of whether the conditions under which the statutory penalty attaches exist, cf. Dade County News Dealers Supply Co. v. Southern Bell Telephone & Telegraph Company, Fla., 48 So.2d 89, and King v. Seamon, Fla., 59 So.2d 859. But no such situation is here presented. It is conceded that the telephones were used for gambling purposes; thus, the penalty imposed by the statute is evoked and, under the terms of *551 the statute, the appellants’ only relief is through the reinstatement powers of the Railroad and Public Utilities Commission. No attack is here made on the constitutionality of the statute.
For the reasons stated, the decree appealed from should be and it is hereby
Affirmed.
ROBERTS, C. J., and SEBRING and DREW, JJ., concur.