146 So.2d 901 (1962)
Florence E. GRIFFIN, Appellant,
v.
GULF LIFE INSURANCE CO. et al., Appellees.
No. D-251.
District Court of Appeal of Florida. First District.
November 20, 1962.
Rehearing Denied December 18, 1962.
C. Harris Dittmar of Bedell, Bedell & Dittmar, Jacksonville, for appellant.
Long, Butler & Nelson, William H. Jeter, and McCarthy, Adams & Foote, Jacksonville, for appellees.
McLANE, Associate Judge.
This appeal is concerned with conflicting claims of the parties to a portion of the proceeds from a life insurance policy issued by Gulf Life Insurance Company whereby it paid $20,000.00 to one Martha L. Willis as purported assignee of said policy. From the amount received by the said Martha L. Willis she opened a savings account in the amount of $14,500.00 with appellee bank. Prior thereto, on April 6, 1961, the appellant, beneficiary named in the life policy, filed her complaint against Martha L. Willis and Gulf Life Insurance Company, seeking to enjoin Willis from disposing of the proceeds from the policy as well as demanding judgment against the insurance company for the amount due under the policy. On the same day the complaint was filed, the chancellor issued *902 a temporary injunction without notice, enjoining Willis from disposing of the proceeds of the policy then remaining under her control.
Four days later, on April 10, 1961, at a hearing before the chancellor, the appellant discovered by interrogation of Willis that the remaining proceeds from the policy of approximately $14,000.00 were on deposit in a savings account with the appellee bank in the name of Martha L. Willis. Following the hearing and after banking hours, appellant's attorney personally advised the president of the bank by telephone of his representation of the appellant, who as beneficiary under the policy claimed the proceeds thereof, which proceeds were then on deposit in the bank in the name of Willis; and also apprised the president of the bank that Willis was enjoined from disposing of the funds on deposit. The president of the bank was further advised that a certified copy of the injunction would be mailed and in fact it was mailed to the bank the same day. The president agreed to have the account "tagged" so that no withdrawals would be honored without a court order. On the following day, April 11, 1961, Willis cashed a $375.00 check drawn on her checking account prior to the circulation of the notice of the restraining order to the teller cashing the check. There not being sufficient funds in her checking account, the bank on April 26, 1961, charged the $375.00 check against the savings account of Willis as a setoff. Thereafter a supplemental complaint was filed seeking to enjoin the bank from paying out any funds remaining on deposit with it as well as to require the bank to restore the $375.00 charged as a setoff. The chancellor by his final decree found that the appellee, Springfield Atlantic Bank, was entitled to set off the $375.00 against the savings account of Willis because of the provisions of Section 659.38, Florida Statutes, F.S.A., and thereupon denied recovery of the appellant. It is from this decree that the appellant appeals.
The appellant contends:
(1) That Section 659.38, Florida Statutes, F.S.A., is not applicable, and,
(2) That setoff is not available to the appellee for there was no mutuality of obligations between the parties.
Section 659.38, Florida Statutes, F.S.A., insofar as pertinent to our consideration of the appeal reads:
"Adverse claim to bank or trust company deposit.  Notice to any bank or trust company of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause said bank or trust company to recognize said adverse claimant unless said adverse claimant shall also either:
"(1) Procure a restraining order, injunction or other appropriate process against said bank or trust company from a court in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with process, * * *."
We feel that the chancellor did not correctly construe the statute when he held the bank was "lawfully entitled to setoff." Had the appellant merely put the bank on notice of her claim to the savings account adverse to that of Willis then the bank might properly have, under the provisions of the statute, ignored the appellant's claim. Such is not the case. An injunction had issued by the Court in favor of the claimant Griffin against Willis, the depositor. There is no dispute that the bank had full and complete knowledge and information relating to the order, yet through inadvertence or failure to promptly act it created the very situation from which it sought relief by setoff. The injunction was effective to prohibit use of the deposit in the savings account. The bank was custodian of the funds then under the control of the Court through its process and order. The injunction affected a particular res, the deposit. In 28 Am.Jur., *903 Injunctions, § 297, page 812, there appears the following:
"In a case where the decree or injunction is in rem and directed against the use of the property for certain purposes, such an injunction constitutes notice of its terms to any subsequent owner, lessee, or occupant, and they are bound by it * * *"
Admittedly, the statement is not factually applicable but it does lend credence to the position that the injunction was leveled at the use of the deposit. We have been cited no authority in point, nor do we find any.
The case of Alger v. Peters, Fla., 88 So.2d 903, turned upon the scope of injunctive relief granted therein; however, it does discuss the rule of law holding that one not a party to an injunction proceeding may be bound by the order if in doing so he knowingly acts in concert with the party enjoined or aids and abets the enjoined party in violation. The Court recognizes there may be cases where the injunction may in some measure assume the nature of a decree in rem, which thereafter "runs with the land," although equity normally acts in personam.
There is the additional factor that the bank, upon being notified of the injunction, voluntarily agreed to be bound by it when it assured the claimant that no withdrawal would be permitted against the savings account without a court order.
We now turn to the second point argued by the appellant that setoff was not available to the bank inasmuch as the rule is established that setoff is permitted only where there exists mutuality of claims between the parties. Everglade Cypress Co. v. Tunnicliffe, 107 Fla. 675, 148 So. 192. The appellant contends that the bank's claim could be set off only against a claim that Willis individually had against the bank and not against the funds which were under the control of the Court. We agree. Willis was stripped of authority and control over the funds at the time the bank charged the worthless check against the savings account, and the bank had no right of setoff.
Although the bank may have acted in good faith and as an innocent party it is too well established to require the citation of authority that in equity where one of two innocent parties must suffer a loss, the one who made possible the loss must bear it.
The decree is therefore reversed with directions to enter a decree in accordance with this opinion.
Reversed.
CARROLL, DONALD K., C.J., and RAWLS, J., concur.