BARKDULL, Chief Judge.
By this appeal, the appellant seeks review of an adverse order of the trial court refusing to dissolve a temporary injunction and dismissing a complaint in chancery.
The appellee, plaintiff in the trial court, filed a complaint seeking to enjoin the defendant [an alleged resident of Dade County] from violating a non-competitive agreement in a contract of employment. A temporary injunction was issued upon a sworn complaint. A special appearance was filed, together with the motion to dismiss the complaint and injunction for lack of jurisdiction over the person of the defendant. It was conceded that no service of process was had upon the defendant in any form, actual or constructive. Upon hearing the motion upon special appearance, the chancellor overruled same and this appeal ensued.
We affirm so much of the chancellor’s order as overruled the motion to dismiss the complaint. But, we reverse the failure to dissolve the temporary injunction because of lack of process upon the defendant. Undoubtedly, the chancellor has the power to issue a temporary injunction prior to service of process upon a defendant. See: Thebaut v. Canova, 11 Fla. 143; Smith v. Housing Authority of Daytona Beach, 148 Fla. 195, 3 So.2d 880; 28 Am.Jur., Injunctions, § 246. However, it is incumbent upon the plaintiff to cause service to be made upon the defendant within a reasonable time after the institution of the suit if the temporary injunction is to stand. See: 43 C.J.S. Injunctions § 242. Of course, the mere fact that the temporary injunction is dissolved [because of the failure to secure service of process upon the defendant] will not remove the defendant from the effect thereof in the event a permanent injunction should be entered after service of process and subsequent to final hearing. See: Bowling v. National Convoy & Trucking Co., 101 Fla. 634, 135 So. 541; Peters v. Southern Bell Tel. & Tel. Co., Fla.1954, 70 So.2d 547; Pearce v. Pearce, Fla.App.1957, 97 So.2d 329; 17 Fla.Jur., Injunctions, § 6.
*468 It is also to be pointed out that this opinion is not to be construed as, in any way, limiting the principle that a party enjoined by an injunction is bound by its terms until it is dissolved if he has knowledge of it, notwithstanding the fact that he may not have been actually served with a copy thereof. See: Thebaut v. Canova, supra; Seaboard Air Line R. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529; Savage v. Winfield, 152 Fla. 165, 11 So.2d 302.
Therefore, the order here under review is affirmed in part and reversed in part, in accordance with the views expressed above.
Affirmed in part; reversed in part.