ANDREWS, Judge.
Plaintiff Lorraine D. Duggar filed complaint against defendant Hill, Darlington & Grimm, a New York securities firm licensed to do business in Florida, and others requesting the issuance of a Rule Nisi requiring the defendants to show cause why they should not be held in contempt of court for failure to comply with the final decree of divorce entered in an action in which Lorraine D. Duggar was plaintiff and Benjamin M. Dug-gar, Jr. was defendant. Said final decree required defendant Hill, Darlington & Grimm to pay Lorraine D. Duggar the sum of $9,331.94 and to deliver stock to her of two corporations, or in the alternative, the monetary value of said stock as of a certain date.
After dismissal of the complaint as to all defendants except Hill, Darlington & *735 Grimm, a final order was entered requiring delivery of the money and stock as requested. It is from this order that the defendant Hill, Darlington & Grimm appeals.
The difficulty between the parties arose as a result of the filing of a complaint for divorce by Lorraine D. Duggar against Benjamin M. Duggar, Jr. on January 27, 1961. Benjamin Duggar was a salesman for the defendant Hill, Darlington & Grimm, and maintained a brokerage account with said firm. On the same day the divorce action was filed, Lorraine D. Duggar obtained a temporary injunction directed to the defendant Hill, Darlington & Grimm, which provided as follows:
“ORDERED, ADJUDGED AND DECREED that the Defendant, BENJAMIN M. DUGGAR, JR., be and he hereby is, restrained and enjoined from selling any and all shares of stocks and bonds and further that said Defendant shall cease and desist from collecting any and all funds from Hill, Dar-lington and Grimm and Company, pending a final adjudication of this cause.
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hill, Darlington and Grimm and Company be restrained and enjoined from paying any and all sums of money to Defendant representing the sale of any and all shares of stocks and bonds in the name of said Defendant.”
Hill, Darlington & Grimm had actual notice of said injunction order and a copy thereof by delivery to its St. Petersburg office and by its employees there to its main office in New York. At the time of the service of the order the subject account had a cash balance of $10,333.45 and the securities of two corporations. By agreement of the parties, $1,000.00 was withdrawn from the account, reducing the amount in dispute by said sum. After receipt of a copy of the order by Hill, Darlington & Grimm its employees contacted the judge who entered the injunction order to determine their rights to pay out commissions that were owed Benjamin Duggar, and were advised that the purpose of the injunction order was to preserve the status of the property and did not affect his commission account.
In May 1961 Hill, Darlington & Grimm permitted Benjamin Duggar to purchase stock with the funds in the restricted account so as to reduce the balance to $1.51, and permitted Benjamin Duggar to transfer his account cash and securities to another broker. A stop transfer order had been placed against the stock.
In May 1962 Hill, Darlington & Grimm sold its St. Petersburg business to Crutten-den, Podesta and Miller. Shortly thereafter the transfer agent for one of the stocks-notified said broker that unless it received instructions to the contrary within thirty days, the stock transfer restriction would be removed. Cruttenden, Podesta and Miller took no action, and as a result the stock was transferred to a bona fide purchaser.
A final decree of divorce was entered in November 1962, and Hill, Darlington & Grimm tendered its check in the amount of $44.19 representing the $1.51 cash left in the account plus a dividend on one of the stocks which had accrued to the account in the amount of $48.72. Lorraine Duggar accepted said check as partial payment on account.
Two points are raised on appeal. First, it is urged that a temporary restraining order is not binding upon the defendant because it was not a party to the original action in that it did not participate in the violation of the order and had complied with the written requirements of the restraining order.
This point must be resolved first by determining the factual situation. It is clear from the record that the defendant received notice of the injunction, placed restrictions upon said account and received oral instructions from the court to the effect that it was intended to keep intact the property pending the determination of the dispute between Mr. and Mrs. Duggar. By *736 permitting Benjamin Duggar to trade in said account it clearly violated the written requirements of the restraining order and of its oral interpretation by the court.
Florida Rule of Civil Procedure 3.18, 31 F.S.A. provides that every person not being a party against whom obedience to any order of the court may be enforced shall be liable for the same process for forcing obedience to such orders as if he were a party. The Florida Supreme Court in the case of Alger v. Peters, 1956, 88 So.2d 903, comprehensively sets out the historical background of this Rule. A clear statement of the Rule is set out in Ex parte Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110 as follows :
“The facts that petitioner was not a party to such suit, nor served with process of subpoena, nor had notice of the application made by the complainant for the mandatory injunction, nor was served by the officers of the court with such injunction, are immaterial so long as it was made to appear that he had notice of the issuing of an injunction by the court. To render a person amenable to an injunction, it is neither necessary that he should have been a party to the suit in which the injunction was issued, nor to have been actually served with a copy of it, so long as he appears to have had actual notice. * * * ”
This Rule has been followed in Griffin v. Gulf Life Insurance Company, Fla.App. 1962, 146 So.2d 901; Alemite Mfg. Corp. v. Staff, 2 Cir.1930, 42 F.2d 832, 833.
The second point raised on appeal is to the effect that a delay of twenty-two months after procuring the temporary restraining order until the entry of a final decree constituted laches, which relieved the defendant of the obligations under the restraining order.
A party must obey an order until vacated or modified by the court awarding it or until said order has been reversed on appeal and on appeal becomes final. Seaboard Air Line R. Co. v. Tampa Southern Railroad Co., Fla. 1931, 101 Fla. 468, 134 So. 529.
The court properly found the defendant Hill, Darlington & Grimm in civil contempt, and ordered it to pay the sums and to account for the stock as set forth in said order.
Affirmed.
SHANNON, Acting C. J., and KELLY, CLIFTON M., Associate Judge, concur.