## BOARD OF PUBLIC INSTRUCTION OF PALM BEACH COUNTY v. FIRST FLORIDA UTILITIES, Inc., et al.
### No. 66-C-2281.
Circuit Court, Palm Beach County.

January 13, 1967.

Bryan & Jackson, Palm Beach, for plaintiff.

James D. Morrison, Cromwell & Remsen, all of Riviera Beach, for defendant.

JAMES R. KNOTT, Circuit Judge.

This cause is before the court upon a rule to show cause pursuant to a petition of the board of public instruction seeking a contempt order against the defendant, First Florida Utilities, Inc., its president, William R. Jeffries, its vice-president, Carl

A. Kelley, its plant manager, Francis Frontera, and its employee or agent, Donald C. Ehrler. Extensive testimony was taken before the court and the matter was duly argued by counsel. The board of public instruction through its counsel voluntarily dismissed Frontera from the proceeding.

The record shows that on September 10, 1966, this court issued a mandatory injunction directing the defendant corporation to afford and furnish water and sewer services forthwith to Wynnebrook Elementary School.

On September 11, 1966, the existing water and sewerage lines leading into Wynnebrook Elementary School were connected with the school facilities by agents and employees of the board of public instruction. On September 12, 1966, said water and sewer lines were disconnected, i.e., physically severed, by agents and employees of the defendant corporation, in contravention and violation of the mandatory injunction previously issued by this court.

It is contended that the corporate defendant and the individual officers and employees cited in the rule were not bound by, or subject to the mandatory injunction because there was no valid service of process upon the corporation.

The court finds that James D. Morrison, legal counsel for the defendant corporation, knew of the suit for injunction and was present at the hearing before the court immediately preceding the signing of the injunction order; that after arguing against the entry of the injunction he was advised that the same was being issued and was given opportunity to read the injunction order. See Peters v. Southern Bell Tel. & Tel. Co., 70 So.2d 547. Service of a copy of the injunction upon officers of the defendant corporation was promptly and repeatedly attempted by the sheriff of Palm Beach County, without success. However, knowledge of the entry and existence of the injunction on the part of Jeffries, Kelley, and Ehrler, on September 10, 11 and 12 is conspicuously indicated by the record. In the face of the foregoing, the court cannot ignore the fact that none of the officers of the corporation has at any time denied before the court that he had knowledge of the injunction — no testimony was offered in behalf of those cited. Under all the circumstances, the defendant corporation is, in the opinion of the court, charged with knowledge of the issuance and existence of the injunction.

The applicable rule of law is stated in Thebaut v. Canova, 11 Fla. 143, 166, as follows — "In the case of an injunction, if the defendant obtains knowledge of its contents and of its having

issued, no matter how he gets his information, he is amenable to the law for the violation of its mandate as if the writ has been regularly served upon him by the proper officer of the court." This rule has been uniformly upheld in our state. See Savage v. Winfield, 11 So.2d 302; Pascul v. George Davis & Co., 170 So.2d 466.

Respondents vigorously contend that the provision of paragraph 6 of the injunction order, that it "shall become effective by service of a copy hereof upon any officer of the defendant corporation or upon an agent or employee of the defendant in charge of its plant operation," supersedes the rule of law stated above. The court finds that this provision was not intended to nor did it render inapplicable the commonly recognized principle of law that parties having knowledge of an injunction are as bound to respect it as if it had been regularly served upon them.

The nature of the contempt power of our courts is expressed by the Supreme Court of Florida in Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 134 So. 529, 533, as follows —

"While the power to punish for contempt of a civil or criminal nature is to be sparingly used, it is a necessary and integral part of the judicial power, and is absolutely essential to the performance of the duties imposed by law upon courts of equity. Without it, such courts are mere boards of arbitration, whose judgments and decrees are only advisory.

"If a party can make himself a judge of the validity of orders which have been issued for the protection of property rights, and by his own act of disobedience can set them aside, then are the courts impotent, and what the constitution of the state ordains as the judicial power becomes a mere mockery.

"This power has uniformly been held indispensable to enable the court to enforce its judgments and to execute its orders necessary to the due administration of law and the protection of the rights of citizens."

The court is dealing here with a civil rather than a criminal contempt. See Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., supra, and In re Local Lodge No. 1248 of International Association of Machinists, 131 So.2d 29. The guilt of the accused needs only to be established by clear and satisfactory evidence in a civil contempt action. Kettinger v. McMahon, 164 So.2d 553.

Although the court is of the opinion that the individual respondents had knowledge of the injunctive order, it was not

clearly shown which of them was personally responsible for the action in violation of the injunction, and consequently the individual respondents are not adjudged to be in contempt.

It is the finding of this court that the defendant, First Florida Utilities, Inc., through its officers, agents, or employees, had knowledge of the mandatory injunction and its provisions and in violation thereof did cause the said water and sewerage lines to be severed and disconnected. It is thereupon ordered and decreed that First Florida Utilities, Inc., is hereby adjudged to be in contempt of court, the matter of penalty to be imposed to be subject to the further order of the court.