Florence Lustig **CROSSMAN**, Appellant,

v.

**BABS, INC.**, Appellee.

No. 21476.

United States Court of Appeals
Fifth Circuit.

Oct. 13, 1967.

Robert C. Ward, Miami, Fla., Ward & Ward, Miami, Fla., of counsel, for appellant.

Cromwell A. Anderson, Miami, Fla., Smathers & Thompson, Miami, Fla., of counsel, for appellee.

Before WISDOM and GEWIN, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

Florence Lustig Crossman, d/b/a Florence Lustig, is appealing from an order refusing to hold Babs, Inc., in contempt for an alleged violation of an injunction decree previously obtained by her against Fontainebleau Hotel Corp. in a diversity action.[1]

The controversy between Lustig and Fontainebleau, which finally resulted in the injunction in question, has previously been before this Court in Crossman v. Fontainebleau Hotel Corp., 273 F.2d 720, 80 A.L.R.2d 415 (5 Cir., 1959), Fontainebleau Hotel Corp. v. Crossman, 286 F.2d 926 (5 Cir., 1961), and Fontainebleau Hotel Corp. v. Crossman, 323 F.2d 927 (5 Cir., 1963). See also Crossman v. Fontainebleau Hotel Corp., 346 F.2d 152 (5 Cir., 1965).

Reference to the opinions in the cases above cited makes a detailed statement of the factual background and the terms of the injunction unnecessary. While we agree with the appellant that the trial court was in error in concluding that Babs could not be in contempt because it was not specifically named in the injunctive decree as one of the parties enjoined,[2] we feel that there were other

---

1. The designations of the parties used in the briefs are adopted here: "Lustig" for Florence Lustig Crossman; "Babs" for Babs, Inc.; and "Fontainebleau" for Fontainebleau Hotel Corp.

2. Ex parte Lennon, 166 U.S. 548, 17 S.Ct. 658, 41 L.Ed. 1110 (1897); Alemite Mfg. Corp. v. Staff, 2 Cir., 42 F.2d 832 (1930); In re Holland Furnace Co., 7 Cir., 341 F.2d 548 (1965); 7 Moore's

reasons that justified the court in refusing to hold Babs in contempt. One of them was that Lustig's conduct following an order of the same trial court in a prior proceeding of this nature refusing to hold Babs in contempt under similar circumstances for violation of this injunctive decree was such as was calculated to lead Babs to believe to its detriment that Lustig acquiesced in that court's conclusion.

Affirmed.

See also 6 Cir., 384 F.2d 224.

Fed. Practice, p. 1670, Sec. 65.13; 28 Amer.Jur., p. 812, Sec. 207; Savage v. Winfield, 1943, 152 Fla. 165, 11 So.2d 302; Alger v. Peters, Fla.1956, 88 So. 2d 903; Griffin v. Gulf Life Ins. Co., Fla.App.1962, 146 So.2d 901, 903.