BARKDULL, Judge
(dissenting).
I respectfully dissent. The police chief’s testimony concerning his conversation with the hotel manager showed that the hotel manager sought out the police chief, in order to discuss a situation the manager considered dangerous to his employer [the hotel] and to himself. Chapter 365, Fla.Stat., F.S.A., imposes serious sanctions upon a business establishment whose communication facilities are used to conduct a bookmaking operation. See: Peters v. Southern Bell Tel. & Tel. Co., Fla. 1954, 70 So. 2d 547; Southern Bell Tel. & Tel. Co. v. *308 Nineteen Hundred One Collins Corporation, Fla.1956, 83 So.2d 865. If the appellant’s trial were to result in a conviction there might.be an adverse effect on the hotel and on the manager. I would hold that the manager had a definite interest in the outcome of the appellant’s trial. Since he was a biased witness, the impeachment testimony of the police chief was therefore admissible without the establishment of a predicate as required by § 90.10, Fla.Stat., F.S.A. See: Alford v. State, 47 Fla. 1, 36 So. 436; Telfair v. State, 56 Fla. 104, 47 So. 863.
The other points of error urged by the appellant, likewise appear to be without merit or are harmless under § 59.041, Fla. Stat., F.SA. I would therefore affirm the conviction.