374 So.2d 1033 (1979)
PINE ISLAND RIDGE CONDOMINIUM "F" ASSOCIATION, INC., Etc., Appellant,
v.
William J. WATERS, Jr., et Ux., Appellees.
No. 77-1617.
District Court of Appeal of Florida, Fourth District.
August 1, 1979.
Rehearing Denied September 25, 1979.
Jeffrey E. Streitfeld of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for appellant.
Malcolm H. Friedman and John N. Mayo of Law Offices of Malcolm H. Friedman, Coral Gables, for appellees.
*1034 MOORE, Judge.
By its complaint in the trial court appellant sought to foreclose a lien on appellees' condominium unit by reason of appellees failure to pay their monthly maintenance assessments. The appellees responded to the complaint with a general denial that any amounts whatsoever were due to appellant and alleged, as an affirmative defense, prepayment of all maintenance fees, recreation fees and country club dues for a period of five years. In a three count counterclaim appellees sought a declaratory judgment, damages for slander of title, and compensatory and punitive damages for interference by appellant with appellees' use and enjoyment of their property.
The case was tried before the judge, sitting without a jury, on stipulated facts, the pertinent ones of which are: (1) the appellees are the fee simple owners of the condominium unit, (2) the condominium unit is subject to the Declaration of Condominium, Articles of Incorporation, and By-Laws of the appellant association which is empowered to make and collect maintenance assessments, (3) assessments in specified amounts were made against appellees' unit, (4) appellees refused to pay any and all of said assessments, and (5) the appellant filed an appropriate claim of lien against appellees' unit.
It was further stipulated that: (6) the appellant, Pine Island Ridge Condominium "F" Association, Inc., is not the successor in right, title and interest to the developer, Pine Island Ridge, Inc., the seller from whom appellees purchased their unit, (7) that appellees paid the seller a $2,000.00 premium as pre-payment of all maintenance fees, recreation fees, and country club dues for a period of five years, (8) that appellant refused to allow appellees to lease their unit while fees were in default, and (9) that appellant is a separate corporation distinct from Pine Island Ridge, Inc., the developer and seller of the subject condominium.
Final judgment was entered by the court against the appellant on its foreclosure action and for the appellees on their counterclaim, finding that the appellees had prepaid all maintenance fees, recreation fees and country club dues for a period of five years. The final judgment also provided for the appellees to recover from the appellant all damages for loss of rental income plus costs and attorney's fees. We reverse.
Appellees' pre-payment agreement clearly specifies that it was entered into with the developer, Pine Island Ridge, Inc., not the condominium association. The developer agreed to pay to the association, on behalf of appellees, all maintenance, recreation fees and country club dues for a period of five years commencing October 1, 1974.[1] At no time did the association approve or ratify this agreement, nor did it release the appellees from their obligation for maintenance fees assessed pursuant to the Declaration of Condominium. As this court stated in Hidden Harbour Estates, Inc. v. Norman, 309 So.2d 180 (Fla. 4th DCA 1975), "condominium unit owners comprise a little democratic subsociety... ." As such each purchaser justifiably relies on the terms and conditions contained in the recorded Declaration of Condominium, Articles of Incorporation and By-Laws in purchasing individual units. The sub-society operates through its association which cannot be bound by separate agreements between one buyer and the seller, which agreements have never been recorded or approved or ratified by the association. It is unfortunate that in the instant case the developer failed to abide by the agreement; however, this does not excuse the appellees (who may well have an action against the developer) from paying all properly assessed maintenance fees. Although the appellees obviously acted in good faith so also did the remaining condominium unit owners. "... [W]here one of two innocent parties must suffer a loss, the one who made possible the loss must bear it." Griffin *1035 v. Gulf Life Insurance Co., 146 So.2d 901 (Fla. 1st DCA 1962). We therefore hold that the association acted properly in commencing an action to foreclose its lien.
Turning now to the final judgment in favor of the appellees for loss of rental income we hold that the refusal to allow appellees to lease their unit was reasonable. In another context we held in Seagate Condominium Association, Inc. v. Duffy, 330 So.2d 484 (Fla. 4th DCA 1976) that the test with respect to restraints on alienation and use is reasonableness. Since the Declaration of Condominium herein specifies that a unit owner must obtain the approval of the association prior to leasing his unit we feel it is reasonable to withhold such approval from an owner who is in default of monthly assessments, thereby placing an added burden upon other owners. The appellees are not entitled therefore to damages for such refusal.
The final judgment is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
CROSS, J., concurs.
ANSTEAD, J., concurs in part and dissents in part with opinion.
ANSTEAD, Judge, concurring in part and dissenting in part:
I agree with the majority except as to the issue involving the appellant's refusal to permit the appellees to lease their apartment while this dispute was pending.
NOTES
[1] It is interesting to note the form used by the developer in agreeing to make such payments is captioned: "Advance Payments Made Pursuant To This Contract May Be Used For Construction Purposes By The Developer."