PER CURIAM.
Following a stroke, Madeline Laughead was hospitalized in the South Miami Hospital. A petition to have her declared incompetent was filed pursuant to Section 744.-331, Florida Statutes (1987). Pending determination of competency, her assets in the Marine Bank of Monroe County were “frozen” pending further order of the court. This injunctive order was recognized by the bank when it acknowledged on several occasions that it was holding funds of Madeline Laughead “pending further order of court”, that the accounts were “frozen.” Thereafter, the court ordered that the funds be transferred to First Federal Savings & Loan Association of the Florida Keys, a depository for the ward’s account.[1]
At the time Marine Bank received notice of the depository order, it set off two un-matured loans against the ward’s account and commenced foreclosure proceedings against the ward’s homestead for failure to pay two monthly installments, even though the bank had in its possession sufficient funds to satisfy these installment payments. The bank also refused to permit the guardian to reinstate the mortgage by tendering the delinquent payments. A rule to show cause was issued for failure to comply with the order freezing assets. The trial judge found the bank in civil contempt and directed it return the funds that it unilaterally appropriated and enjoin the bank from proceeding with the homestead foreclosure. We find no error and affirm. Wilson v. Sandstrom, 317 So.2d 732, 741 (Fla.1975), cert, denied, 423 U.S. 1053, 96 S.Ct. 782, 46 L.Ed.2d 642 (1976); Savage v. Winfield, 152 Fla. 165, 11 So.2d 302 (Fla.1943); Thebault v. Canova, 11 Fla. 143 (1867); 60 C.J.S. Motions & Orders § 65 (1969); Compare Pascal v. George Davis & Co., 170 So.2d 466 (Fla. 3d DCA 1965).
Of course, after the funds are returned, the bank would continue to have its right, as any other creditor, to pursue the assets of the wards for collection of its due obligations upon proper notice and petition, to the guardian.
AFFIRMED.

. Madeline Laughead was declared incompetent and a guardian for her property and person was duly appointed prior to entry of the depository order.